Small v. Small.

No. 20,455.

MAUDE DELL SMALL, *Appellant*, v. A. M. SMALL et al.,
*Appellees.*

SYLLABUS BY THE COURT.

ACTION—*To Set Aside Deeds—Demurrer to Evidence.* The plaintiff's evidence considered, and held that a demurrer to it was properly sustained.

Appeal from Doniphan district court; WILLIAM A. JACKSON, judge *pro tem.* Opinion filed December 9, 1916. Affirmed.

*C. W. Reeder*, of Troy, and *Alcid Bowers*, of Saint Joseph, Mo., for the appellant.

*S. M. Brewster*, of Topeka, *A. L. Perry*, and *J. J. Baker*, both of Troy, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to set aside three deeds of real estate. A demurrer was sustained to the plaintiff's evidence and she appeals.

On March 9, 1904, Bowen Small, the owner, executed and acknowledged a deed of the property, which is a farm of 160 acres, to his children and grandchildren. On September 25, 1910, he married the plaintiff. On December 2, 1910, he died intestate. At the time of his death he lived with his wife in a home which he owned in the city of Severance. After his death his estate was probated. His widow remarried, but was divorced from her last husband when the present action was commenced. In September, 1911, at the solicitation of an agent of the defendants, the plaintiff executed and delivered a deed quitclaiming her interest in the farm to the grantees in the Bowen Small deed. A second deed of the same tenor was executed and delivered by the plaintiff to correct a verbal inaccuracy in the first one. These deeds were promptly recorded. The deed of Bowen Small was not recorded until after his death. The action was brought in January, 1915.

The petition alleged that the deed of Bowen Small was void because it had not been delivered by the grantor. The plain-

tiff testified that Mace Small, a son of Bowen Small, had charge
of the farm, farmed it, and paid rent to his father. She said
that Mace Small told her, after his father's death, that he was
giving his brother, Beattie Small, the rents. Bowen Small
kept some stock on the farm and would go there two or three
times a week. Sometimes the plaintiff would go with him. A
week or so after Bowen Small's death, Mace Small and Beattie
Small came to the plaintiff's house to look for some papers they
said they had to have. They did not say what papers. Twice
afterwards they came on the same mission, and on one occa-
sion said a paper was lacking which they could not find. They
got papers each time, but the plaintiff did not know what the
papers were. The deed in question was filed for record on
December 8, 1910. It recited that the grantor was a widower,
that it was made in consideration of one dollar and love and
affection, and it was in form a warranty deed.

The foregoing evidence did no more than furnish a basis for
speculation as to whether or not the deed was among the
various papers taken from the decedent's home after his death.
The missing paper may very well have been one necessary to
the probate proceedings. Mace Small and Beattie Small were
not called to testify on the subject. The register of deeds was
not called to identify the person who filed the deed for record,
and no attempt was made to trace possession of the instru-
ment backward from presentation for registration. The no-
tary public who took the acknowledgment was not called to tell
what became of the deed after it passed under his seal. The
evidence fails to give any account whatever of the instrument
from the date of execution to the date of filing.

The circumstantial evidence touching the subject of proprie-
torship of the farm did no more than furnish a basis for con-
jecture. The belief is quite common that a deed delivered be-
fore death, but accompanied by some arrangement reserving
beneficial use until death, is a better way of disposing of prop-
erty than by will. The grantees of Bowen Small were his
children and grandchildren, and the circumstances that the
one who occupied and farmed the place paid rent, and per-
mitted stock to be kept there, were insufficient to warrant the
court in making a positive finding of non-delivery. There is
no presumption of fraud or wrong doing on the part of Mace
Small, Beattie Small, or any one else, and the burden rested

on the plaintiff to furnish substantial evidence to establish her charge that the deed had not been delivered in her husband's lifetime.

The petition alleged that Bowen Small married the plaintiff after making the deed and that she had no knowledge of the fact that it had been made. The allegation does not amount to a charge of fraud upon the plaintiff's marital rights, and if it did, there was no evidence to sustain it. There is no evidence that Bowen Small contemplated marriage or even knew the plaintiff when the deed was made. He discussed his financial resources with the plaintiff and enumerated some of them, but did not include the farm among them. He told her he had money in the bank and money loaned out to the children; that he was not wealthy, but that he had plenty to keep her as long as she lived. She said she knew he had a home, and that she had one. When pressed for an answer, she would not say she ever believed her husband owned the farm. Her strongest statement was, "I just thought it belonged to the Smalls."

Since the plaintiff failed to show sufficient cause for cancellation of the deed made before her marriage with Bowen Small, it is not necessary to discuss the evidence relating to the validity of the deeds obtained from the plaintiff to remove whatever shadow rested on the defendant's title because the deed from Bowen Small was not recorded until after his death.

The judgment of the district court is affirmed.